**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> Towergate Finance plc, <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 15-10509 (SMB) |

**ORDER RECOGNIZING**
**FOREIGN PROCEEDING AND GRANTING OTHER RELIEF**

Upon the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Other Relief* [ECF No. 2] (together with the Form of Voluntary Petition [ECF No. 1], the "**Petition**")[1] seeking: (a) recognition of the schemes of arrangement under Part 26 of the Companies Act 2006 (England) (the "**English Proceeding**") currently pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "**English Court**") of the above-captioned debtor (the "**Debtor**") as a foreign main proceeding; (b) a finding that the Foreign Representative is a person who meets the definitional requirements of section 101(24) of the Bankruptcy Code; (c) a finding that the Petition meets the requirements of section 1515 of the Bankruptcy Code; and (d) granting additional relief under sections 1507 and 1521 of the Bankruptcy Code; and upon the hearing (the "**Hearing**") on the Petition and this Court's review and consideration of the Petition, the Egan Declaration [ECF No. 7], the Bell Declaration [ECF No. 5], the *Declaration of Katerina Papamichael in Connection with Notice of Chapter 15 Documents* [ECF No. 10], the *Declaration of Mia Drennan in Connection with Posting of Chapter 15 Documents* [ECF No. 11] and the *Supplemental Declaration of Bruce Bell in Support of Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Other Relief* [ECF No. 14];

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Petition.

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

1.   This Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Reference Re: Title 11" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012 (General Order 12-32).

2.   The consideration of the Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.   The Client Trust Account is property of the Debtor within this District and, therefore, the Debtor is "eligible" to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

4.   Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

5.   Good, sufficient, appropriate, and timely notice of the filing of the Petition and the Hearing on the Petition has been given by the Foreign Representative, pursuant to Bankruptcy Rules 1011(b) and 2002(q), to: (a) the United States Trustee for the Southern District of New York; (b) the Existing SSN Trustee; (c) the Existing FRN Trustee; (d) the Existing SUN Trustee; (e) the RCF Agent; (f) counsel to the Secured Ad Hoc Committee; (g) counsel to the Unsecured Ad Hoc Committee; (h) the Debtor; (i) counsel to the Debtor; (j) the Information Agent; and (k) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Foreign Representative is aware. The Information Agent has timely provided notice to the Existing SSN Noteholders, the Existing FRN Noteholders and the Existing Senior Unsecured Noteholders and the RCF Agent has timely provided notice to the RCF Lenders, respectively, of

---

[2] The findings and conclusions set forth herein and in the record of the hearing on the Petition constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

the filing of the Petition and the Hearing. In light of the nature of the relief requested and prior orders of this Court, no further notice is required.

6. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

7. This chapter 15 case was properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code.

8. The Foreign Representative is a "person" as such term is defined in section 101(41) of the Bankruptcy Code and has been duly appointed, made responsible for administering the restructuring of the Debtor and designated as the "foreign representative" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

9. The Petition satisfies the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

10. The English Proceeding is a "foreign proceeding" as such term is defined in section 101(23) of the Bankruptcy Code.

11. The English Proceeding is pending in England, which is where the Debtor has its "center of main interests", as referred to in section 1517(b)(1) of the Bankruptcy Code and, as such, the English Proceeding is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

12. Absent the relief granted hereby, the restructuring contemplated by the Schemes and approved by the English Court in the English Proceeding may be frustrated by the actions of individual Scheme Creditors, a result inconsistent with the purposes of chapter 15.

13. The injunctions contained in this Order (i) are within the Court's jurisdiction, (ii) are essential to the success and objectives of the English Proceeding and the Composite Restructuring (or, as the case may be, the Senior Secured Restructuring), and (iii) confer material benefits on, and is in the best interests of, the Debtor and the Existing Senior Secured Creditors and the Existing Senior Unsecured Noteholders.

14. The Foreign Representative has demonstrated that the Debtor is entitled to all the relief requested, including that permanent injunctive relief is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and permitted under sections 1507, 1520 and 1521 of the Bankruptcy Code. Unless a permanent injunction is issued, it appears to this Court that one or more entities (as such term is defined in section 101(15) of the Bankruptcy Code, "**Entities**") may take action that is inconsistent with the terms of the Composite Restructuring (or, as the case may be, the Senior Secured Restructuring), thereby interfering with the restructuring, and that as a result, the Debtor will suffer irreparable harm for which there is no adequate remedy at law.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

A. The Petition and the relief requested in this Order are granted, and any objections thereto are overruled with prejudice.

B. The English Proceeding is recognized as a "foreign main proceeding" pursuant to section 1517(a) and 1517(b)(1) of the Bankruptcy Code.

C. The Foreign Representative is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the English Proceeding.

D. The Debtor is entitled to all of the protections under section 1520 of the Bankruptcy Code, including the application of the automatic stay under section 362 of the Bankruptcy Code with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States.

E. As of the Relevant Effective Date, the English Proceeding is recognized and granted comity. The Senior Secured Scheme and, as the case may be, the Parallel SUN Scheme (in the case of each such Scheme, in the form sanctioned by the English Court) is entitled to full force and effect (including the Scheme Releases set forth therein) against all Entities in accordance with their terms, and such terms shall be binding and fully enforceable on all Existing Senior Secured Creditors (and, as the case may be, Existing Senior Unsecured Noteholders) within the territorial jurisdiction of the United States, whether or not they actually voted in favor of the Senior Secured Scheme (or, as the case may be, the Parallel SUN Scheme) or participated in the English Proceeding.

F. As of the Relevant Effective Date, all Existing Senior Secured Creditors are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as expressly provided in the Senior Secured Scheme sanctioned by the English Court and Composite Restructuring documents (or, as the case may be, the Senior Secured Restructuring documents)) within the territorial jurisdiction of the United States, any debts or liabilities cancelled, discharged or restructured under the Senior Secured Scheme and Composite Restructuring

documents (or, as the case may be, the Senior Secured Restructuring documents) or as a result of English law relating thereto.

G. As of the Relevant Effective Date, and provided that the Parallel SUN Scheme becomes effective, all Existing Senior Unsecured Noteholders are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as expressly provided in the Parallel SUN Scheme sanctioned by the English Court and Composite Restructuring documents) within the territorial jurisdiction of the United States, any debts or liabilities cancelled, discharged or restructured under the Parallel SUN Scheme and Composite Restructuring documents or as a result of English law relating thereto.

H. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

I. The Foreign Representative, the Debtor, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

J. Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 proceeding by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry, and upon its entry, shall be final and appealable.

K. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought

in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

Dated:   March 27<u>th</u>, 2015
         New York, New York

/s/  STUART M. BERNSTEIN

THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE